IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERMAN SMALLWOOD,

      Plaintiff,

vs.                                       Civil Action 2:08-00679
                                              Judge Sargus
                                              Magistrate Judge King

TERRY COLLINS, et al.,

      Defendants.

**OPINION AND ORDER**

Plaintiff, a state prisoner who is proceeding without the assistance of counsel, has filed a civil rights action under 42 U.S.C. § 1983. Plaintiff alleges that defendants have injured him by retroactively applying current parole statutes, violent offender classifications, and other statutory provisions, thereby creating risk that the measure of plaintiff's punishment will be increased. This matter is before the Court on *Plaintiff's Motion to Compel Discovery* ("*Motion to Compel*"), Doc. No. 28.

**I.    BACKGROUND**

Plaintiff filed a complaint in the underlying action on July 18, 2008, naming Terry Collins, Gary Croft, Harry Hageman, and Marc Dann (hereinafter "defendants") as defendants. *Complaint with Jury Demand* ("*Complaint*"), Doc. No. 3, ¶¶ 9-12. Defendants allege that Linda Janes (hereinafter "Janes"), the acting chief of the Ohio Adult Parole Authority, is the proper defendant in place of named defendant Gary Croft, who was sued in his official capacity as the chief of the Ohio Adult Parole Authority. *Defendants' Answer to Complaint* ("*Answer*"), Doc.

1

No. 20, at ¶ 10.

On March 17, 2009, without having sought leave to join her as a defendant, plaintiff served Janes with interrogatories and requests for admission, asking for responses within thirty days. *Motion to Compel*, at 1. On April 16, 2009, Janes's counsel wrote to plaintiff and requested an extension until May 15, 2009, to return the responses, citing scheduling conflicts. *Exhibit B,* attached to *Motion to Compel*. Shortly thereafter, on April 22, 2009, plaintiff served Janes's counsel with a request for responses, stating that he would wait ten days before seeking court intervention. *Plaintiff's Extra-Judicial Request for Responses to His Discovery Requests*, at 2 ("*Plaintiff's Extra-Judicial Request"*), attached to *Motion to Compel*. On May 14, 2009, Janes's counsel served plaintiff with responses to plaintiff's interrogatories and requests for admission. *Defendants' Response to Plaintiff's Motion to Compel,* Doc. No. 29 ("*Defendants' Response"*), at 1. The responses are each stamped "Draft," and the document is not signed by Janes, nor is it notarized. *Defendant Janes'* [sic] *Draft Responses to Plaintiff's First Set of Interrogatories and Admissions* ("*Janes's Draft Responses*"), attached to *Plaintiff's Reply to Defendants' Response to to* [sic] *Plaintiff's Motion to Compel,* Doc. No. 31 ("*Plaintiff's Reply"*). That same day, plaintiff filed the *Motion to Compel* that is the subject of this order.

Defendants argue that, because they have complied with plaintiff's discovery requests, plaintiff's motion is now moot. *Defendants' Response*, at 1. Plaintiff contends, however, that the draft copy of the responses actually produced do not comply with the Federal Rules of Civil Procedure. *Plaintiff's Reply*, at 1.

II.   STANDARD OF REVIEW

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). As part of this discovery, a party may serve interrogatories relating to any matter permitted by Rule 26(b). Fed. R. Civ. P. 33(a)(2). However, interrogatories may be served only upon other parties. Fed. R. Civ. P. 33(a)(1); *Wirtz v. I.C. Harris & Co.,* 36 F.R.D. 116, 117 (E.D. Mich. 1964).

Rule 37 authorizes a motion to compel discovery when a party fails to provide a proper response to a discovery request. A party may file a motion to compel answers to interrogatories only when another party fails to answer interrogatories properly filed under Rule 33. Fed. R. Civ. P. 37(a)(3)(B)(iii). Rule 37(d) expressly authorizes a court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii).

## III.   LEGAL DISCUSSION

Although Janes's counsel has provided plaintiff with a draft of Janes's answers and admissions, plaintiff contends that this draft does not qualify as a proper response under the Federal Rules of Civil Procedure. Curiously, Janes has not drawn the Court's attention to the fact that the interrogatories themselves do not comply with the Federal Rules. Interrogatories may be served only on other parties. *Wirtz*, 36 F.R.D. 116 at 117. Accordingly, a party may move to compel response to interrogatories only when another *party* fails to answer. Fed. R. Civ. P. 37(a)(3)(B)(iii). Plaintiff has not named Janes as a defendant. Because she is not a party to this action, Janes is not obligated to respond to plaintiff's interrogatories.

**WHEREUPON** *Plaintiff's Motion to Compel Discovery*, Doc. No. 28, is **DENIED.**

July 21, 2009                                          *s Norah McCann King*
                                          Norah McCann King
                                     United States Magistrate Judge