IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


SHERMAN SMALLWOOD,

      Plaintiff,

  v.                                Case No. 2:08-CV-679
                                    JUDGE SARGUS
                                    MAGISTRATE JUDGE KING

TERRY COLLINS, et al.,

      Defendants.


**OPINION AND ORDER**

This matter is before the Court for consideration of Plaintiff's *Second Motion to Compel Discovery*, Doc. No. 41. Defendants have filed a response to the motion. *Defendants' Response to the Plaintiff's Second Motion to Compel Discovery,* Doc. No. 44. Plaintiff has filed no reply. For the reasons that follow, Plaintiff's motion is granted in part and denied in part.


**I.**

Plaintiff, a state prisoner, brings this action pursuant to 42 U.S.C. § 1983, alleging that the retroactive application of parole statutes, violent offender classifications and other statutory provisions creates a risk that Plaintiff's punishment will be increased. The named defendants in this action are: Terry Collins, former Director of the Ohio Department of Rehabilitation and Correction; Linda Janes, Chief of the Ohio Adult Parole Authority; Cynthia Mausser, Chairperson of the Ohio Adult Parole Authority; and Richard Cordray, Ohio Attorney General. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

In *Garner v. Jones*, 529 U.S. 244 (2000), the United States Supreme Court held that an *ex post facto* violation can be established in one of two ways: (1) a plaintiff can show that the challenged provision, on its face, demonstrates a significant risk of increased incarceration; or (2) a plaintiff can demonstrate "by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive application will result in a longer period of incarceration than under the earlier rule." *Id.* at 255. Plaintiff intends to rely on the second method of proof in this case. *Second Motion to Compel Discovery,* p. 5.

On May 20, 2009, Plaintiff served on Defendants a "First Set of Requests for Production of Documents." Defendants responded to Plaintiff's requests on September 16, 2009. On September 24, 2009, Plaintiff filed the present *Second Motion to Compel Discovery*, challenging Defendants' responses.

Plaintiff did not, prior to filing this motion, fully exhaust all extra-judicial methods of resolving his disagreement with Defendants' responses to plaintiff's initial requests for production of documents. *See* F.R. Civ. P. 37(a); S.D. Ohio Civ. R. 37.1. Nevertheless, because it appears that the parties have reached impasse, the Court will consider plaintiff's motion.

In his motion, Plaintiff characterizes Defendants' responses as "wholly inadequate." *Second Motion to Compel Discovery*, Doc. No. 41, at 3. According to Plaintiff, the information sought by his discovery requests is necessary to establish that he faces a "sufficient risk" of increased punishment as a result of the retroactive application of parole statutes, violent offender classifications and other statutory provisions. *Id.* at 5. Defendants argue that Plaintiff has failed to adequately identify the information he seeks, has failed to demonstrate that the documents sought by him exist, or has failed to establish that the information sought is discoverable.

**II.**

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). Fed. R. Civ. P. 37 authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories under Rule 33 or requests for production of documents under Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "Although a plaintiff should not be denied access to information necessary to establish [his] claim, neither may a plaintiff be permitted 'to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive.'" *Surles v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007), quoting *Marshall v. Westinghouse Elec. Corp.*, 576 F.2d 588, 592 (5th Cir. 1978). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio September 25, 2006), citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D. D.C. 1999).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970).

**III.**

The Court will consider each of Plaintiff's requests for production of documents in turn.

**1. Plaintiff's Parole File**

Defendants represent that they have provided Plaintiff the contents of the parole file and Plaintiff does not articulate any deficiency with Defendants' response. Accordingly, the Court concludes that Defendants' response in this regard is sufficient.

**2. Parole Guidelines Manual**

Defendants represent that the manual has been made available to Plaintiff and Plaintiff, again, does not articulate any deficiency in Defendants' production. Thus, the Court concludes that Defendants' response is sufficient.

**3. Ohio Department of Rehabiliation and Correction Policy 105-PDB-03, "Parole Board Release Process" and**

**4. Ohio Revised Code statutes and Administrative Rules referenced in Policy 105-PDB-03**

Defendants represent that the foregoing policy as well as the Ohio statutes and administrative rules are available to Plaintiff through the prison library. Plaintiff does not disagree. Under these circumstances, Defendants need not produce the requested documents. *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (court must limit discovery if the discovery sought can be obtained from some other source that is more convenient, less burdensome, or less expensive).

**5. All documents created, used or relied upon at Plaintiff's parole hearing in May 2008.**

Defendants object to this production request on the basis that the request is overbroad,

burdensome and not likely to lead to the discovery of admissible evidence.[1]  In addition, Defendants represent that Plaintiff has been provided his parole file as well as the "Parole Board Decision Sheet," which provides the justification for the denial of parole to plaintiff.

The Court concludes that the information already provided to Plaintiff is sufficient for purposes of Rule 26(b). Plaintiff has obtained his parole file and the Parole Board Decision Sheet, which explains the basis for the denial of parole to Plaintiff in 2008.  Plaintiff fails to explain why the documents already provided are inadequate.  Accordingly, the Court concludes that Defendants' response to request for production number 5 is sufficient.

**6. Documents showing the statistical data of how many Ohio prisoners were paroled and the average time actually [served] for each prisoner, for the offenses of Rape (R.C. 2907.02), Felonious Sexual Penetration (R.C. 2907.05), Gross Sexual Imposition (R.C. 2907.12), beginning in the year 1989 and extending up to and including 2008.**

According to Plaintiff, the information sought by this request will aid in establishing his claim that he faces a "sufficient risk" of increased punishment as a result of the alleged retroactive application of parole statutes, violent offender classifications and other statutory provisions.  Defendants object to this request, arguing that the request is overbroad, burdensome and not likely to lead to the discovery of admissible evidence.  Defendants also represent that there is no document that provides the information sought by Plaintiff and submit that they have no duty to create a unique report for Plaintiff.

Defendants have no duty to create a report for Plaintiff or to produce documents that do

---

[1] Defendants also note that certain documents may be legally protected from disclosure to Plaintiff.

not exist or which are not within the Defendants' custody and control. *See Ridenour v. Collins*, No. 2:08-CV-682, 2010 WL 546353 at *14 (S.D. Ohio Feb. 10, 2010). To the extent that documents sought by Plaintiff in response to this request are available for his inspection and review, in accordance with Fed. R. Civ. P. 34, Plaintiff shall be afforded an opportunity for such review.[2] Defendants are therefore directed to supplement their response to Plaintiff's request number 6, identifying whether and to what extent documents responsive to this request are available. In this regard, however, the Court will limit Plaintiff's request to the period beginning in 1995, *i.e.,* when Plaintiff was first incarcerated as reasonably calculated to lead to the discovery of admissible evidence. Defendants need not determine whether documents relating to the period prior to 1995 exist.

**7. Documents concerning or relating to the Ohio Department of Rehabilitation and Correction's federal grant applications under the "Violent Crime Control and Law Enforcement Act of 1994," without limitation, beginning with the ODRC's first grant application up to and including the last grant application.**

Defendants contend that this request is overbroad and note that Plaintiff fails to articulate how the information requested will lead to the discovery of admissible evidence. The Court agrees that Plaintiff offers no basis from which to conclude that the information sought with respect to grant applications under the Violent Crime Control and Law Enforcement Act of 1994 would lead to the discovery of admissible evidence. Thus, the Court sustains Defendants' objection to Plaintiff's request number 7.

---

[2]The rule provides that the party requesting discovery may "inspect, copy, test or sample . . . any designated documents or electronically stored information – including writings, drawings, graphs, charts . . . and other data or data compilations – stored in any medium from which information can be obtained . . . ." Fed. R. Civ. P. 34(a)(1)(A).

**8. Documents concerning and/or related to the Victims' Rights Organization and/or victims representative statements and related documents under Revised Code Chapter 2930,[3] including but not limited to, all documents submitted to the Ohio Adult Parole Authority for consideration in relation to Plaintiff's parole hearing in May 2008.**

Defendants object to this request on the basis of vagueness, arguing that Plaintiff does not specify any particular victims' rights organization. Defendants also object to this discovery request to the extent that Plaintiff seeks information from or about his victim or victim representative.

Plaintiff has failed to explain how the documents sought by this request would lead to the discovery of admissible evidence. The Court therefore sustains Defendants' objection to request number 8.

**9. Documents concerning and/or related to the applications of the new Senate Bill 10 provisions to Plaintiff Smallwood, including but not limited to, letters, motions, and/or communications related to the application of Senate Bill 10 provisions to Plaintiff Smallwood.**

Under Amended Senate Bill 10, which was signed by the Governor of the State of Ohio on June 30, 2007, inmates face new duties regarding registration as sex offenders depending upon their classification within a three-tiered system. O.R.C. Chapter 2950. Defendants object to this request, arguing that it is unclear what Plaintiff seeks since he has already been advised as to his obligations to register under Senate Bill 10 should he be released from prison. Plaintiff does not articulate what additional information is sought or how such information would lead to the discovery of admissible evidence. Thus, the Court sustains Defendants' objection to this discovery request.

---

[3] O.R.C. Chapter 2930 relates to "Victim's Rights."

**10. Any written documents that would outline or describe parole policies of the Ohio Adult Parole Authority, which are not available to the general public or filed with State Officials.**

Defendants represent that documents responsive to this request do not exist. Accordingly, the objection to request number 10 is sustained.

In sum, the Defendants' objections are sustained, with the exception of Plaintiff's Document Request No. 6. Defendants are **DIRECTED** to supplement their response to this request within **fourteen (14) days** of the date of this Order.

**IV.**

The Court notes that, in opposing Defendants' *Motion for Summary Judgment*, Plaintiff argued that he requires the additional discovery sought by this motion to fully respond to the *Motion for Summary Judgment*. Following receipt of Defendants' supplemented response in accordance with this *Opinion and Order,* Plaintiff may have **fourteen (14) days** to file a supplemental memorandum *contra* Defendants' *Motion for Summary Judgment*. Defendants may reply within **seven (7) days.**

**V.**

Plaintiff's *Second Motion to Compel Discovery*, Doc. No. 41 is **GRANTED in part and DENIED in part,** consistent with the foregoing.

**IT IS SO ORDERED.**

**May 20, 2010**                                         *s/Norah McCann King*

**DATE**　　　　　　　　　　　　　　**NORAH McCANN KING**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**