IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERMAN SMALLWOOD,

    **Plaintiff,**

v.

    **Case No. 2:08-CV-679**
    **JUDGE SARGUS**
    **MAGISTRATE JUDGE KING**

TERRY COLLINS, *et al.*,

    **Defendants.**

## OPINION AND ORDER

This matter comes before the Court for consideration of Plaintiff's objections to the Magistrate Judge's August 6, 2010 *Report and Recommendation*, Doc. No. 56. *Motion for Reconsideration and Objection*, Doc. No. 58. The Court considers the matter *de novo*. *See* 28 U.S.C. § 636(b).

### I.

Plaintiff, a state inmate proceeding without the assistance of counsel, brings this action pursuant to 42 U.S.C. § 1983, challenging the Ohio Parole Board's application of the 2007 parole guidelines during his 2008 parole hearing. Plaintiff also challenges the application of new violent offender classifications to his case. According to Plaintiff, the alleged retroactive application of these various rules results in a longer period of incarceration.

As noted in the *Report and Recommendation*, Doc. No. 56, Plaintiff is serving a 17 to 50 sentence for the rape, gross sexual imposition and felonious penetration of a child under the age

of thirteen. At the time this action was filed, Plaintiff had been incarcerated for 12 years. *Complaint*, Doc. No. 3, at ¶ 21.

In 2006, Plaintiff was classified by the trial court as a sexually oriented offender. *Id.* at ¶ 36. In December 2007, Plaintiff received a notice from the Office of the Ohio Attorney General that Plaintiff would be reclassified as a Tier III offender pursuant to Ohio Senate Bill 10, which amended R.C. Chapter 2950, Ohio's Sex Offender and Notification Act. Tier III is the highest tier and requires the offender to register for life and to verify the offender's address every ninety days. In 2008, the Parole Board denied Plaintiff early release on parole due to the serious nature of the underlying offense. *See* Exhibit B attached to *Complaint*.

Plaintiff claims that his classification as a Tier III offender, as well as the application of 2007 parole guidelines during his 2008 parole hearing, amount to a violation the *ex post facto* clause of the United States Constitution. U.S. CONST. art I., § 10, cl. 1.

In the August 6, 2010 *Report and Recommendation*, the Magistrate Judge concluded that resolution of Plaintiff's challenge to his classification as a Tier III offender was unnecessary in light of the Ohio Supreme Court's decision in *State v. Bodyke*, – N.E.2d – , 2010 WL 2219064 (Ohio June 3, 2010). In that case, the Ohio Supreme Court held that the provisions of Senate Bill 10, pursuant to which the Ohio Attorney General must reclassify sex offenders, violates the separation of powers doctrine of the Ohio Constitution. *Id.* at *11-13. The Ohio Supreme Court specifically stated that the reclassification provisions contained in Senate Bill 10 cannot be applied to offenders who had previously been classified by state court judges.

Plaintiff in this case was classified as a sexually oriented offender by the Butler County Court of Common Pleas in 2006. *See Complaint,* ¶ 36. The Magistrate Judge concluded that,

2

pursuant to *Bodyke*, Plaintiff cannot be reclassified as a Tier III offender under Ohio Senate Bill 10. Thus, the Magistrate Judge found that it was unnecessary to consider Plaintiff's *ex post facto* challenge to Ohio Senate Bill 10.

In his objections, Plaintiff argues that his *ex post facto* challenge in this regard should nevertheless be considered because "Plaintiff Smallwood has not received any benefit from the *Bodyke* decision." Doc. No. 58, at 8. Plaintiff's assertion is incorrect. In *Bodyke*, the Ohio Supreme Court expressly held as follows:

> We therefore hold that R.C. 2950.031 and 2950.032 are severed and, that after severance, they may not be enforced. R.C. 2950.031 and 2950.032 may not be applied to offenders previously adjudicated by judges under Megan's Law, **and the classifications and community-notification and registration orders imposed previously by judges are reinstated.**

*Id.*, at *13 (emphasis added). It is clear that Plaintiff enjoys the benefit of *Bodyke* and cannot be reclassified as a Tier III offender under Ohio Senate Bill 10. Since the reclassification provision challenged by Plaintiff in this action does not apply to Plaintiff after the Ohio Supreme Court's decision, the Court agrees with the Magistrate Judge that resolution of Plaintiff's *ex post facto* challenge to that reclassification provision is unnecessary.

Plaintiff also challenges the Magistrate Judge's recommendation that summary judgment be granted on his *ex post facto* challenge to the Parole Board's use of 2007 parole guidelines during Plaintiff's 2008 hearing. As the Magistrate Judge noted, an *ex post facto* violation can be established in one of two ways: (1) if Plaintiff can show that the challenged provision, on its face, shows a significant risk of increased incarceration; or (2) "by evidence drawn from the rule's practical implementation by the agency charged with exercising discretion, that its retroactive

3

application will result in a longer period of incarceration than under the earlier rule." *Garner v. Jones*, 529 U.S. 244, 255 (2000).

In his *Memorandum contra* Defendants' *Motion for Summary Judgment*, Doc. No. 43, Plaintiff indicated that he seeks to prove his challenge to the use of the 2007 guidelines under the second method of proof outlined in *Garner*. *Id.,* at 10. Plaintiff continues to complain, however, that he is unable to present evidence in support of this claim because of Defendants' failure to provide him with such evidence during the course of discovery. The Court has previously addressed Plaintiff's request for production of documents with respect to his *ex post facto* claim. Defendants have represented that the documents sought by Plaintiff do not exist. *See Defendants' Notice of Compliance with Order*, Doc. No. 52. In his objections to the Magistrate Judge's decision, Plaintiff persists in his argument that he has been denied the discovery essential to this claim. As Plaintiff has been repeatedly advised, the Court cannot compel the production of documents that do not exist. The fact that Plaintiff has not adduced evidence in support of his claim cannot be attributed to any failure on the part of Defendants.

The Magistrate Judge concluded that Plaintiff failed to come forward with evidence to support his claim that he faces a longer period of incarceration as a result of the application of the 2007 parole guidelines to his case. "[T]here is no evidence in the record to support this claim. Moreover, since the denial of parole to Plaintiff was based on the finding that Plaintiff is unsuitable for early release due to the serious nature of his offense . . . it does not appear that application of the guidelines was the determining factor in the denial of parole to him." *Report and Recommendation*, Doc. No. 56, at 5. This Court agrees that the decision to deny Plaintiff parole does not appear to have been based on the Parole Board's use of the 2007 parole

4

guidelines.

In his objections, Plaintiff now asserts that he also challenged the application of the 2007 guidelines under the first method of proof outlined in *Garner*. Doc. No. 58, at 5 (Plaintiff "did in fact argue that the 2007 parole guidelines on their face show a significant risk of increased incarceration."). This statement is wholly contradictory to Plaintiff's *Memorandum contra* in which Plaintiff expressly stated, "Plaintiff does not claim that the 2007 parole guidelines, on their face, violate[ ] the ex post facto clause." Doc. No. 43, at 10. The Magistrate Judge correctly analyzed Plaintiff's *ex post facto* claim as actually formulated by Plaintiff. In any event, however, Plaintiff fails to establish how the 2007 parole guidelines, on their face, result in a longer period of incarceration.

Plaintiff also complains that the Magistrate Judge failed to consider his challenge to "the retroactive application of current parole statutes (*i.e.*, O.R.C. §§ 2901.01, 2967.03, 2967.13, Chapter 2930 and 5149.101); regulations (*i.e.*, O.A.C. § 5120:1-1-07) and Departmental Policy 105-PBD-03) to Plaintiff Smallwood at his 2008 parole hearing. . . ." Doc. No. 58, at 5. In his response to *Defendants' Motion for Summary Judgment*, however, Plaintiff made no reference to these provisions and presented no argument as to how these provisions violate the *ex post facto* clause. Although the *Complaint* made passing and conclusory reference to some of these provisions, Doc. No. 3, at ¶ 59, Plaintiff has failed to show how the application of any of those provisions amount to *ex post facto* violations. When faced with a *Motion for Summary Judgment*, Plaintiff cannot rely on mere conclusory allegations contained in his complaint. Fed. R. Civ. P. 56(e)(2). Rather, Plaintiff must come forward with some evidence in support of his claims. Thus, summary judgment is appropriate to the extent that Plaintiff's *ex post facto* claim

5

is premised on alleged violation of these parole statutes and provisions.

Plaintiff also argues that the Magistrate Judge failed to consider Plaintiff's challenge to the Parole Board's alleged application of Senate Bill 2, O.A.C. § 5120:1-1-07(B)(8), during his parole hearing. Again, however, Plaintiff made no mention of this provision in opposing Defendants' *Motion for Summary Judgment*. Indeed, the *Complaint* contained no reference to this provision. The Court will not entertain a claim presented for the first time in Plaintiff's objections to the *Report and Recommendation*.

In sum, having reviewed *de novo* the *Report and Recommendation* and Plaintiff's objections thereto, the Court finds no error in the Magistrate Judge's recommendation that summary judgment be granted. Plaintiff's objections to the *Report and Recommendation* are without merit.

## II.

Plaintiff's *Motion for Reconsideration and Objection* (**Doc. No. 58**) is **DENIED**. The Magistrate Judge's *Report and Recommendation* (**Doc. No. 56**) is **ADOPTED and AFFIRMED**. The Defendants' *Motion for Summary Judgment* (**Doc. No. 42**) is **GRANTED**.

This action is hereby **DISMISSED**. The Clerk is **DIRECTED** to enter final judgment accordingly.

9-7-2010
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6