IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHERMAN SMALLWOOD,

    Plaintiff,

v.

    Case No. 2:08-CV-679
    JUDGE SARGUS
    MAGISTRATE JUDGE KING

TERRY COLLINS, *et al.*,

    Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of the Plaintiff's September 16, 2010 *Motion to Vacate Judgment*. Doc. No. 61. For the reasons that follow, the motion is denied.

I.

Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983, challenging the Ohio Parole Board's application of the 2007 parole guidelines during his 2008 parole hearing. Plaintiff also challenged the application of new violent offender classifications to his case. Defendants moved for summary judgment on Plaintiff's claims and, on August 6, 2010, the Magistrate Judge issued a *Report and Recommendation* recommending that the motion be granted. Doc. No. 56. The Court considered Plaintiff's objections to the Magistrate Judge's recommendation and, on September 8, 2010, overruled those objections and granted summary judgment to Defendants. Doc. No. 59. Final judgment was entered that same date. Doc. No. 60.

In his *Motion to Vacate Judgment*, Plaintiff argues that this Court erred in granting summary judgment on Plaintiff's challenge to the retroactive application of current parole statutes, regulations and policies. According to Plaintiff, Defendants failed to move for summary judgment on this aspect of Plaintiff's claim and, therefore, Plaintiff "[did] not have to respond to [the] issues. . . ." *Motion to Vacate Judgment*, Doc. No. 61, at 6.

## II.

A motion to alter or amend judgment under Fed. R. Civ. P. 59(e) may be granted "if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp., Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (internal citations omitted). The district court enjoys considerable discretion in determining the merits of a Rule 59 motion. *Davis v. Jellico Comm. Hosp.*, 912 F.2d 129, 132-33 (6th Cir. 1990).

In this case, Plaintiff contends that the grant of summary judgment as to one aspect of Plaintiff's *ex post facto* challenge amounts to a clear error of law. The Court considered this claim in addressing his objections to the Magistrate Judge's earlier *Report and Recommendation*:

> Although the *Complaint* made passing and conclusory reference to some of these provisions [*i.e.*, current parole statutes], Plaintiff has failed to show how the application of any of those provisions amount to *ex post facto* violations. When faced with a *Motion for Summary Judgment*, Plaintiff cannot rely on mere conclusory allegations contained in his complaint. Fed. R. Civ. P. 56(e)(2). Rather, Plaintiff must come forward with some evidence in support of his claims.

*Opinion and Order*, Doc. No. 59, at 5.

As previously noted, Plaintiff now argues that Defendants failed to address this particular

2

aspect of his *ex post facto* claim in their motion for summary judgment; he argues that there was therefor no need for Plaintiff to come forward with evidence in support of this claim. *See* Doc. No. 61, at 6.

Plaintiff's contention is misguided. Defendants sought summary judgment on all of Plaintiff's claims. As the Court observed, the *Complaint* made reference to various parole statutes and regulations. When faced with Defendants' motion, it was Plaintiff's duty to come forward with evidence in support of his claim. Plaintiff failed to meet this burden and summary judgment was appropriately granted. There was no clear error of law in the Court's decision. Plaintiff's motion for relief under Rule 59(e) is without merit.

### III.

Plaintiff's *Motion to Vacate Judgment*, **Doc. No. 61**, is **DENIED**.

11-5-2010
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**